# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA L. KEENAN | CASE NO.: 4:18CV2063 |
| Plaintiff, | JUDGE JOHN ADAMS |
| v. | **MEMORANDUM OPINION** |
| CORRECTIONS OFFICER BOWKER, et al. | |
| Defendants. | |

*Pro se* Plaintiff Joshua L. Keenan ("Plaintiff" or "Keenan"), a pretrial detainee[1] at the Trumbull Count Jail, brings this action pursuant to 42 U.S.C. § 1983 against Corrections Officer Bowker in his official capacity, unnamed County Corrections Officers in their official capacities, Trumbull County Jail Chaplin Tom in his official capacity, and Trumbull County Sheriff Paul Monroe in his official capacity (collectively, "Defendants"). Doc. 1 at 2-3 (Complaint). Keenan's § 1983 allegations involve issues concerning grievances, religious services, unsanitary conditions, overcrowding, recreation, and exercise. *See id*. at 5-13. Keenan claims that Defendants, acting in their official capacities, have violated his right to freedom of speech and to attend religious services, and that the alleged prison conditions constitute cruel and unusual punishment. *Id*. at 3. For relief, Keenan wishes "Trumbull County to seriously address the fact that the Sheriff and his deputies are ignoring and disregarding" prisoners' rights and seeks $150,000.00 in damages. *Id*. at 5.

---

[1] After Plaintiff filed this action, he filed a letter with the Court indicating that he had been sentenced to prison by the Trumbull County Courts. Doc. 7. Plaintiff's status as a pretrial detainee or convicted prisoner has no bearing on the Court's analysis.

For the reasons that follow, this case is dismissed.

## I. Standard of Review

P*ro se* pleadings are liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in plaintiff's favor, to state a plausible claim for relief. *See Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous."); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).

"[T]he lenient treatment generally accorded *pro se* litigants has its limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). *Pro se* plaintiffs must still meet basic pleading requirements, and the courts are not required to conjure allegations or construct claims on their behalf.

*See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

## II. Analysis

"In order to plead a cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Tate v. Comrie*, No. 5:16CV3090, 2018 WL 1409288, at *4 (N.D. Ohio Mar. 21, 2018) (emphasis removed) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citations omitted)); *Waters v. City of Morristown, TN*, 242 F.3d 353, 358-59 (6th Cir. 2001) (same) (citation omitted).

Keenan brings his claims against Defendants in their official capacities. Plaintiff's § 1983 official capacity suit against Defendants is equivalent to a suit against Trumbull County. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official capacity suits are not suits against the official personally "for the real party in interest is the entity.") (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978)). Trumbull County is not liable under § 1983 for the actions of its employees pursuant to the doctrine of *respondeat superior*. *Monell*, 436 U.S. at 691. In an official-capacity action, Trumbull County is liable under § 1983 only when the County itself is a "'moving force'" behind the deprivation. *Graham,* 473 U.S. at 166 (quoting *Polk Cty. v. Dodson,* 454 U.S. 312, 326 (1981) (quoting *Monell,* 436 U.S. at 694)). In order to prevail on a § 1983 action against Trumbull County, Plaintiff must show that the alleged violation of federal rights occurred because of a County policy or custom. *Id*. ("[T]hus, in an official-capacity suit the [county's] 'policy or custom' must have played a part in the violation of

federal law.") (citations omitted); *see also Hurst v. Fentress Cty. Tennessee*, 229 F.3d 1152 (Table) (6th Cir. 2000) ("Municipal entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.") (citing *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993)).

Here, Keenan fails to assert any allegations regarding a policy or custom of Trumbull County that purportedly caused the claimed violation of his constitutional rights, which is necessary to state a claim against Defendants in their official capacities. The Court is not required to conjure allegations or construct claims on Plaintiff's behalf. Having failed to state a plausible § 1983 official capacity claim against any of the Defendants, this action is dismissed pursuant to § 1915(e).

### III. Conclusion

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff's motions for appointment of counsel are moot and denied as such. Doc. 4 and 6.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


June 4, 2019                                   s/John R. Adams
                                                                   JUDGE JOHN R. ADAMS
                                                                   UNITED STATES DISTRICT COURT